IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JANE ALLEN,

        Plaintiff,

v.                                      Civil Action No. 2:11-cv-545

C. R. BARD, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are all remaining pretrial motions. All are ripe for adjudication.

### I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 7,000 of which are in the Bard MDL, MDL 2187. In an effort to efficiently and effectively manage this MDL, I decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all *Daubert* motions and summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this

end, I ordered the plaintiffs and defendant to each select 50 cases, which would then become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order ("PTO") # 102, No. 2:10-md-2187 [ECF No. 729]. This selection process was completed twice, creating two waves of 100 cases, Wave 1 and Wave 2. Thereafter, I entered orders on subsequent waves. Ms. Allen's case was selected as a Wave 2 case by the plaintiffs. PTO # 118, No. 2:10-md-2187 [ECF No. 841].

## II.   Legal Standards

### a.  Summary Judgment

To obtain summary judgment, "the movant must show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In turn, to avoid summary judgment, the nonmovant must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### b.  Choice of Law

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010).

This case was originally filed in the United States District Court for the Northern District of Iowa. Therefore, I use Iowa's choice-of-law rules to determine which state's law to apply to this case. For tort claims, Iowa generally applies the Restatement (Second) of Conflict of Laws (Am. Law Inst. 1971). *Veasley v. CRST Int'l, Inc.*, 553 N.W.2d 896, 897–98 (Iowa 1996). Under section 145 of the Restatement (Second) of Conflict of Laws, the court must apply the law of the state with the most significant relationship to the occurrence and the parties. Here, the plaintiff resides in Iowa, and the product was implanted in Iowa. The parties agree, as do I, that Iowa law applies to this case. Accordingly, I will apply Iowa law.

## III.  Discussion

### a.  Bard's Motion for Summary Judgment [ECF No. 59]

Bard's Motion for Summary Judgment [ECF No. 59] is **GRANTED in part** as to the following conceded claims: manufacturing defect.

For reasons appearing to the court, Bard's Motion for Summary Judgment [ECF No. 59] is also **GRANTED in part** as to the following claims: negligent marketing, labeling, packaging, and selling.

In Iowa, the elements of any negligence claim are (1) existence of a duty, (2) breach of that duty, (3) causation, and (4) damages. *Vossoughi v. Polaschek*, 859 N.W.2d 643, 654 n.6 (Iowa 2015). Bard contends that the plaintiff's claims for negligent inspection, packaging, marketing, and selling of the Align fail for lack of evidence. The plaintiff, in response, argues that there is ample evidence that demonstrates Bard breached a duty to the plaintiffs and that there was resulting

3

harm from this breach. The plaintiff states that Bard was negligent in failing to include adequate warnings, failing to include appropriate instructions for use, exaggerating the benefits of the product, and marketing and selling the product without adequate testing. However, apart from reciting allegations that form the plaintiff's failure to warn and design defect claims, the plaintiff does not offer any support that Bard breached a legal duty that caused the plaintiff's injuries in its "inspection, marketing, labeling, packaging, or selling" of the product. Accordingly, Bard's Motion on these points is **GRANTED.**

After considering the parties' proffered arguments and evidence, I **FIND** that genuine disputes of material fact exist regarding the plaintiff's remaining claims. Accordingly, to the extent Bard's Motion challenges any other claims, the Motion is **DENIED**.

### b.  Bard's Motion for Partial Summary Judgment [ECF No. 57]

The question of whether a plaintiff is entitled to punitive damages often involves an interlocking web of factual determinations respecting the defendant's conduct. The evidentiary record is frequently muddled enough on the point that genuine issues of material fact remain. That is the case here. Consequently, Bard is not, at least at this stage of the case, entitled to judgment as a matter of law on the punitive damages claim. Thus, the Motion for Partial Summary Judgment [ECF No. 57] is **DENIED**.

### IV.   Conclusion

The court **ORDERS** that:

- Bard's Motion for Summary Judgment [ECF No. 59] is **GRANTED in part** and **DENIED in part**;

- Bard's Motion for Partial Summary Judgment [ECF No. 57] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 27, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE